

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2008

# USA v. Ramos-Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2962

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ramos-Gonzalez" (2008). *2008 Decisions.* Paper 1713.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1713

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2962
_____

UNITED STATES OF AMERICA

v.

CARLOS ALBERTO RAMOS GONZALEZ
aka WILLIAM CARRERA
aka BETO
Carolos Alberto Ramos Gonzalez,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00186-4)
District Judge: Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2008

Before:   FUENTES and JORDAN, *Circuit Judges*
and DITTER*, *District Judge.*

Filed : January 24, 2008
_____

OPINION OF THE COURT
_____

_____
    *Honorable J. William Ditter, Jr., United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

JORDAN, *Circuit Judge*.

Carlos Alberto Ramos Gonzalez appeals the sentence he received after pleading guilty both to conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and to illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Although he received a sentence of incarceration that is at the bottom of the advisory range set by the United States Sentencing Guidelines, Ramos Gonzalez asserts that "the sentence imposed in this case exceeded the statutory goals of sentencing set forth in 18 U.S.C. § 3553." (Appellant's Brief at 10.) That is his sole argument on appeal. The District Court had jurisdiction in this criminal matter pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Ramos Gonzalez was part of a conspiracy responsible for bringing some 300 kilograms of cocaine from Arizona into the greater Philadelphia region. He admits that he and his brother "were in charge of obtaining and transporting the cocaine ... ." (Appellant's Brief at 8.) The District Court determined that the sentencing range called for by the Guidelines was 292 to 365 months of imprisonment, and, after a thorough discussion of the sentencing factors set forth in 18 U.S.C. § 3553, imposed the lowest sentence in that range. Ramos Gonzalez nevertheless complains that the sentence "is excessive and does not speak to the goals of sentencing ... ." (Appellant's Brief at 13.)

It is true that a sentencing court "may not presume that the Guidelines range is reasonable[,]" *Gall v. United States*, ___ U.S. ___, 2007 WL 4292116 at *7 (December

2

10, 2007) (internal quotation marks and citation omitted), and, having calculated the range, must go on to discern an appropriate sentence in light of all of the factors set forth in § 3553(a). The District Court here plainly performed the type of analysis called for by the controlling statute and precedents. We see no reason to disagree and, in any event, are bound to recognize that "[t]he sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than ... [does] the appeals court." *Gall*, 2007 WL 4292116 at *8. We therefore reject Ramos Gonzalez's argument that we substitute our judgment for that of the sentencing judge.

Accordingly, we will affirm the judgment and sentence imposed by the District Court.